# 95 DTA 158

## TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI - CAGUAS, HUMACAO Y GUAYAMA
### PANEL II

COOPERATIVA DE AHORRO Y CREDITO GUAYAMA O
COOPERATIVA DE AHORRO Y CREDITO MAUNABO
Demandantes-Recurrentes

v.

ELBA A. TORRES, MARIA C. MARTINEZ SOTO Y SU ESPOSO FULANO DE TAL
POR SI Y EN REPRESENTACION DE SU SOCIEDAD LEGAL DE GANANCIALES
Demandados-Recurridos

Núm. KLCE-95-00174

San Juan, Puerto Rico, a 26 de mayo de 1995

Panel integrado por su presidente, la Juez López Vilanova
y los jueces Delgado Hernández y Rodríguez García

Delgado Hernández, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La Cooperativa de Ahorro y Crédito Guayama *(la "Cooperativa")* apela mediante un escrito titulado *"Revisión"*, de la *"Sentencia Enmendada"* del Tribunal de Primera Instancia, Sala Municipal de Guayama, que modificó su sentencia original en un caso de cobro de dinero, para excluir de la misma a una deudora solidaria que no compareció al juicio pero que solicitó mediante moción ser excluida de la sentencia.

Examinado el recurso a la luz del expediente y del derecho aplicable, revocamos. No se justificaba, en las circunstancias particulares de este caso, la exclusión de la deudora solidaria de la sentencia original. En nuestro ordenamiento jurídico se le reconoce al acreedor el derecho de dirigirse contra todos o algunos de los deudores obligados solidariamente al pago de la obligación.

### I

Según surge de los autos, el 3 de febrero de 1994, Elba A. Torres y María C. Martínez suscribieron, como *"Deudor"* y *"Deudor Solidario"* respectivamente, un pagaré por la cantidad de $1,008.39 a favor de la Cooperativa, en el cual se obligan a pagarle a ésta la correspondiente deuda en plazos mensuales de $47.00, comenzando en marzo de 1994.

El 8 de noviembre de 1994, la Cooperativa presentó una demanda contra Torres, Martínez y sus respectivos cónyuges y sociedades gananciales, en la cual alegó, en síntesis, que la correspondiente deuda no se había pagado desde febrero de dicho año; había vencido en su totalidad; y era líquida y exigible. En consecuencia, solicitó que se dictara sentencia condenando a la parte demandada, mancomunada y solidariamente, al pago de la deuda y a una partida de gastos, costas y honorarios de abogado.

El caso se tramitó mediante el procedimiento dispuesto por la Regla 60 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

A la vista en su fondo sólo compareció la deudora Torres, quien admitió la existencia de la deuda; Martínez, la deudora solidaria, no compareció.

Mediante sentencia notificada el 16 de diciembre de 1994, el Tribunal de Instancia declaró con lugar la demanda y condenó a la parte demandada al pago de lo reclamado por la Cooperativa.

Con fecha de 10 de enero de 1995, Martínez presentó una *"Moción Solicitando Reconsideración a la Sentencia"* en la cual básicamente alegó que debía dejarse sin efecto la sentencia en cuanto a ella porque, según dijo, no fue notificada de la vista, y el acreedor no se comunicó con ella *"para llegar a un acuerdo en cuanto a la deuda"*.

Aunque señaló que no estaba *"evadiendo [su] responsabilidad con la deuda"*, expresó que no se le había dado la oportunidad de acordar un plan de pago.

El 22 de febrero de 1995 el Tribunal de Instancia notificó una *"Sentencia Enmendada"* en la cual señaló que la sentencia era contra Torres, quien fue la única que aceptó la deuda. Es de esta determinación que recurre ante nos la Cooperativa, mediante recurso presentado el 23 de marzo de 1995.

El 12 de abril de 1995, emitimos Orden a los recurridos para que mostraran causa por la cual no debíamos dejar sin efecto la Sentencia Enmendada y restituir la Sentencia original. Al día de hoy, no han comparecido.

## II

Martínez fue debidamente traída al pleito. El Artículo 1097 de nuestro Código Civil dispone que *"[e]l acreedor puede dirigirse contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente"*. 31 L.P.R.A. sec. 3108.

Martínez suscribió un pagaré como deudora solidaria de Torres, obligándose con ello a satisfacer la deuda en los términos allí expuestos. Aunque la solidaridad contractual no se presume, *Colón v. P.R. American Insurance Co.,* 63 D.P.R. 344 (1944), con dicho pagaré quedó debidamente acreditada, según exige el Artículo 1090 del Código Civil, 31 L.P.R.A. sec. 3101.

También procedía dictar sentencia contra ella. Ante el alegado incumplimiento de la deudora Torres, la Cooperativa quedaba autorizada a demandarla tanto como a su deudora solidaria. Durante la vista quedó probada la deuda, por lo que el tribunal actuó correctamente al dictar sentencia, conforme al Artículo 1098 del Código Civil, 31 L.P.R.A sec. 3102 *("Cada deudor solidario está obligado al acreedor por la totalidad de la deuda")*.

Por otra parte, nada en la moción post-sentencia ameritaba alterar el dictamen original. La deudora solidaria indicó en dicha moción no haber sido notificada de la vista. Sin embargo, el Tribunal de Instancia concluyó lo contrario. Del expediente surge que a Martínez se le notificó el señalamiento conforme a lo dispuesto en la Regla 60 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Notamos además que la dirección a la cual se le envió dicha notificación es la misma que la propia Martínez representó como su dirección, en la moción que sometió luego de haberse dictado la sentencia. La deudora solidaria recibió una adecuada oportunidad para defenderse.

Más allá de la notificación inicial, en este caso también se siguió un trámite análogo al dispuesto en la Regla 51.7 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Dicha Regla permite, luego de dictada la sentencia, la citación de deudores solidarios que no hubiesen sido parte, para que comparezcan y muestren causa bajo juramento por la cual no estén obligados por la sentencia de igual modo que si hubiesen sido demandados desde un principio.

En el caso ante nos, Martínez le expuso al tribunal en su moción lo que a su entender justificaba excluirla de la sentencia. A pesar de que no lo hizo bajo juramento, el mecanismo de comparecencia seguido por la propia deudora solidaria le permitió al tribunal evaluar los méritos de su defensa.

Lo aducido por ésta, sin embargo, no sostenía en los méritos su solicitud de relevo. Por el contrario, demostraba que debía responder por la deuda.

La deudora solidaria aceptó en su moción, su responsabilidad con la deuda contractual reclamada por la Cooperativa. Es sabido que los contratos tienen fuerza de ley entre los contratantes y deben cumplirse al tenor de los mismos. Artículo 1044 del Código Civil, 31 L.P.R.A. sec. 2994.

Por último, Martínez indicó que debía liberársele de la deuda porque la Cooperativa no le proveyó un plan de pago. El planteamiento no justificaba su exclusión.

El Artículo 1123 del Código Civil dispone que no puede compelerse al acreedor a recibir parcialmente las prestaciones en que consista la obligación, si no se ha convenido lo contrario. 31 L.P.R.A. sec. 3173. En ausencia de pacto, el deudor no puede compeler al acreedor a recibir un pago parcial. G. Velázquez, *Las obligaciones según el Derecho puertorriqueño*, Equity Publishing Co., 1964, pág. 302. Véase además, I-II J. Puig Brutau, *Fundamentos de Derecho Civil*, Bosh, Barcelona, 1983, pág. 271.

Habida cuenta que la deudora solidaria no expresó o acreditó haber pactado con la Cooperativa un plan de pago que obligara al acreedor en circunstancias como las de autos, procedía dejar intacta la sentencia original.

A la luz de lo expuesto, se expide el auto, se revoca la Sentencia Enmendada y se restituye la Sentencia Original en cuanto a los demandados.

NOTIFÍQUESE.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

<div style="text-align: right">

María de la C. González Cruz
Secretaria General